### *JAMES B. JOHNSON ET AL. V. ANNIE C. JOHNSON.

ANTE-NUPTIAL CONTRACT NOT A BAR TO DOWER.

An agreement of a woman about to marry a man 77 years of age, with nine children, and owning 366 acres of land of no great value, to receive seven hundred dollars in lieu of dower, in case she survived him, does not bar her dower.

ERROR to the Court of Common Pleas of Guernsey county.

BY THE COURT.

Annie C. Johnson filed her petition against James B. Johnson and others, the heirs of Thomas Johnson, deceased, to have her dower assigned in the lands of which the latter died seized. She alleges coverture, and makes a case in her petition showing her right to have dower assigned. The heirs set up an ante-nuptial contract between said Annie and Thomas, in bar of her right. To that answer a demurrer was sustained in the common pleas, and judgment rendered for plaintiff. The sustaining of that demurrer is alleged for error. This presents a single question: Are the facts set up in the answer sufficient to bar the widow's right to be endowed?

The answer sets forth, that shortly prior to her marriage with Thomas Johnson, there was a marriage contract entered into between plaintiff and him, in writing; that plaintiff was of mature age, sound understanding and under no restraint; that she was an elderly lady and a widow; that she was substantially without property, and without the means of maintaining a comfortable home for herself; that Thomas Johnson was in his seventy-seventh year, and of delicate and feeble health, and was the father, by a former marriage, of nine children, seven sons and two daughters, and was the owner of the premises described, consisting of 366 acres of land, situate in Guernsey and Belmont counties, which were not then and are not now considered very valuable lands. Plaintiff, prior to and at the time of making said contract, had full information and knowledge as to the property and financial condition of said Thomas Johnson, and desired to marry him to secure to herself the comforts of a home, and the provisions he was willing to make for her in the event of their marriage. He was unwilling to marry her unless and until there was an agreement and settlement of plaintiff's rights in and to his property in case of marriage. The terms of such adjustment and settlement were fully discussed and agreed upon, as hereinafter stated. Said Johnson agreed to enter into said marriage only on condition that plaintiff would agree and bind herself, in the event of his death and her survivorship, to receive a certain sum of money in full of her rights and claims as widow, which sum was fixed and agreed upon between them. On the 2d day of March, 1882, plaintiff, freely and voluntarily, and with free knowledge of all her rights in the premises, and for the purpose of effecting a marriage with Johnson, and securing to herself the comforts and advantages resulting therefrom during their joint lives, in addition to the money named in said settlement, entered into an ante-nuptial contract with him, wherein it was agreed that they would marry, and that in consideration of said marriage, he therein agreed to pay or cause to be paid to her, the sum of $700 in two years after his death, which plaintiff therein accepted in lieu of her dower and expectancies in his estate; further agreeing to sign all deeds Johnson might wish to make in his lifetime. Whatever plaintiff brought with her, was to remain hers. A copy of said contract is attached, and made up out of the answer, omitting the formal parts, it is as follows:

*This case was dismissed by plaintiff in error. Entry June 28, 1887.

"That the parties mentioned (Thomas Johnson and Anna Hammond) have mutually agreed to join in the bonds of wedlock, and that the said Thomas Johnson agrees to pay or secure to be paid, out of his estate, by his executors, after his demise the sum of $700, in two years after his demise, and she accepts that in lieu of expectancy of dower in my estate. Now, if the said Mrs. Hammond should be called off this stage of action before the said Johnson, then in that event this obligation will be void; otherwise will be in full force. Also, the said Mrs. Hammond agrees to sign all deeds and conveyances said Johnson may wish to make during his lifetime; and further, whatever the said Mrs. Hammond brings with her to said Johnson's home, to be taken away after his decease."

This is signed, sealed and witnessed. The answer then goes forward, and alleges the marriage, March 4th, in pursuance of the contract; that both parties fully performed the conditions of the contract during their joint lives; and the death of Johnson in July 21, 1884. That by his will Johnson provided for the payment of said $700, and that his executors are ready and willing to pay the same to plaintiff in pursuance of said contract.

*Held*, that the answer is insufficient; and that the court of common pleas did not err in sustaining the demurrer to it.

Judgment affirmed.

R. W. Anderson and F. H. Southard, for plaintiffs in error.

Steele & Rosemond, for defendant in error.